IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **CHRISTOPHER J. TYMCZAK,** | ∫ |
| | ∫ |
| Plaintiff, | ∫ |
| | ∫ |
| v. | ∫   Civil Action No. |
| | ∫           **Jury Requested** |
| **TEXAS SOUTHERN UNIVERSITY,** | ∫ |
| | ∫ |
| Defendant. | ∫ |

**PLAINTIFF CHRISTOPHER J. TYMCZAK'S ORIGINAL COMPLAINT**

Christopher J. Tymczak, Ph.D., hereinafter "Dr. Tymczak," complains against Texas Southern University, hereinafter "the University," and states his claims for relief as follows:

**1.**

**Jurisdiction and Venue**

1.1 This action arises under the laws of the United States of America.

1.2 The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1331, federal question; 28 U.S.C. § 1343, civil rights, and 42 U.S.C. § 2000e-5, unlawful discrimination in employment.

1.3 Venue properly lies in this Court pursuant to the General Venue Statute, 28 U.S.C. § 1391(b)(1) and (2) and ( c ), in that the University has the capacity to sue and be sued in its common name and is subject to this Court's jurisdiction, and the events or omissions giving rise to the claim occurred in Houston, Harris County, Texas, within the Southern District of Texas.

**2.**

**Nature of the Claims and Relief Sought**

2.1 This action is brought by a university professor against the State university in which he is employed, asserting claims of unlawful discrimination based on his race, Caucasian, hereafter referred to as "White."

2.2 After unsuccessful attempts to resolve his claims informally or through the federal administrative agency of jurisdiction, Dr. Tymczak seeks injunctive relief and damages secured to him under applicable federal law.

2.3 Dr. Tymczak prays that in accordance with the verdict of the jury, the Court enter judgment in his favor, awarding damages to be paid by the University for lost pay, damages to his personal and professional reputation, humiliation and emotional distress, serious injury to his health and loss of enjoyment of life.  Additionally, Dr. Tymczak prays for entry of mandatory and prohibitory injunctive relief, protecting him from future discrimination or retaliation, prohibiting the University from

maintaining or permitting any pattern or practice of racial discrimination against White faculty, and requiring the University to post in places commonly visited by faculty prominent notices of the Court's action.

### 3.

### The Parties

3.1 Dr. Tymczak is an adult, male, White citizen of the United States and the State of Texas, holding the faculty rank of Professor at the University, and residing in Houston, Harris County, Texas.

3.2 The University is a public institution of higher learning of the State of Texas, located in Houston, Harris County, Texas.

3.3 At all times material to this action, the University employed more than 500 persons.

3.4 Summons and a copy of this complaint may be served as provided in Rule 4 of the Federal Rules of Civil Procedure on Austin A. Lane, President of the University, at his office, Hannah Hall, 3100 Cleburne Street, Houston, TX 77004.

### 4.

### General Statement of Facts

4.1 Dr. Tymczak has been employed as a faculty member of the University in the Physics Department since August of 2006.

4.2 At times material to this action, Dr. Tymczak has been under the administrative supervision of Carlos R. Handy, Ph.D., Chair of the Physics Department.

4.3 Dr. Handy is of the African American race.

4.4 Dr. Tymczak has rendered effective instructional service, has provided substantial service to institutional and professional groups and organizations, and has been an active and productive researcher in his field, in recognition of which he earned promotion to the rank of Professor.

4.5 For most of his faculty service to the University, and specifically including the period of June, 2013 to the present, Dr. Tymczak has been subjected by Dr. Handy to disparate treatment because of Dr. Tymczak's race.

4.6 Dr. Handy's intentional and invidious acts of racial discrimination have included, among others, the following:

>  4.6.1 Opposition to Dr. Tymczak's professional advancement by disparagement of his qualifications for promotion and tenure.
>
>  4.6.2 Unjustified derogatory comments and criticism of his teaching and research, including statements made to or in the presence of peers and other administrators.

    4.6.3 Interference with Dr. Tymczak's research efforts.

    4.6.4 Baseless reprimands and harassment.

    4.6.5 Unfounded and defamatory accusations.

    4.6.6 Denial of summer teaching opportunities.

    4.6.7 Interference with his faculty compensation, including improper reduction in pay, and blocking of payment from research grants.

4.7 Dr. Handy's actions against Dr. Tymczak have been part of and consistent with a pattern and practice by Dr. Handy to take racially motivated adverse actions against individuals who are not of the African American race.

    4.7.1 Dr. Handy similarly directed unjustified criticism of the abilities and performance of Rambis Chu, Ph.D., an Asian faculty member.

    4.7.2 Dr. Handy also opposed Dr. Chu's professional advancement, interfered with Dr. Chu's research efforts and caused the termination of Dr. Chu's faculty employment by promoting and supporting accusations that Dr. Handy knew or should have known were without any factual merit.

      4.7.3 Dr. Handy similarly directed unjustified disparagement of the ability and performance of Clancy L. Weeks, D.M.A., who is White and served as an administrative assistant in the Physics Department and now is Director of the Cypress Symphonic Band.

      4.7.4 Dr. Handy solicited the making of unwarranted complaints about Dr. Weeks from faculty in the Physics Department, including Dr. Tymczak.

      4.7.5 Dr. Handy made an unsolicited and baseless public attack on the reputation of Rasoul Saneifard, Ph.D., in a presentation to the University Board of Regents that included grossly defamatory characterizations.

      4.7.6 Dr. Saneifard is White, a member of the Department of Engineering Faculty of the University, and Chair of the University Faculty Senate.

   4.8 Complaints of Dr. Handy's discriminatory actions, supported by factual information have been presented to officials of the University, including the Provost and the General Counsel.

4.9 Through counsel, Dr. Tymczak proposed a mediation conferene within the University to address his complaints of discrimination.

4.10 Although the University agreed to a mediation, the University did not provide any opportunity for interactive discussions of a mutually acceptable resolution.

4.11 Instead, the University appointed two faculty members to sit in on a discussion between Dr. Handy and Dr. Tymczak and render an opinion to the administration that did nothing to resolve Dr. Tymczak's concerns.

4.12 On June 15, 2015, Dr. Tymczak filed charges of racial discrimination with the Houston District Office of the United States Equal Employment Opportunity Commission (E.E.O.C.)

4.13 Dr. Tymczak agreed to participate in a mediation conference with a mediator employed by the E.E.O.C.

4.14 The University participated and the Provost and an Assistant General Counsel were present.

4.15 The E.E.O.C. conference ended with a suggestion for resolution made by Dr. Tymczak for consideration by the University.

4.16 The suggestion was not implemented.

4.17 The racially discriminatory actions by Dr. Handy, continuing over years with the acquiescence of the University have caused serious, chronic stress on Dr. Tymczak that has presented in consequential medical problems, including hypertension, Barrettes esophagus (a recognized pre-cancerous condition) and severe depression.

4.18 The racially discriminatory actions of the University proximately have substantially interfered with Dr. Tymczak's ability to further and expand his research efforts, negatively affecting Dr. Tymczak's professional reputation, which in spite of the interference already has generated $2.8 million in research grants to the University.

4.19 The severe depression proximately caused by the University has affected Dr. Tymczak's daily life, including sleep and eating disturbances, discontinuing of customary pleasurable activities and excessive anger and irritability.

4.20 The E.E.O.C. conducted and terminated an investigation of Dr. Tymczak's charge and referred it to the United States Department of Justice, as provided by law.

4.21 Through counsel, Dr. Tymczak requested from the Department of Justice a confirmation of the termination of administrative proceedings and issuance of a Notice of Right to Sue.

4.22 The Department of Justice issued to Dr. Tymczak the Notice of Right to Sue by letter dated June 1, 2016.

4.23 This action is being filed in Court within 90 days of the receipt by Dr. Tymczak's counsel of the Notice or Right to Sue.

## PRAYER

Dr. Tymczak prays to this Court that preparation and trial of this case be expedited as provided by law, and that upon the verdict of the jury the Court enter mandatory and prohibitory injunctive relief as prayed and judgment in favor of Dr. Tymczak for the payment by the University of lost pay, consequential damages as found by the jury, a reasonable attorney's fee and the costs of this action, with prejudgment and postjudgment interest as provided by law, and any and all other relief to which Dr. Tymczak shows himself to be entitled.

Respectfully submitted,

/S/ David T. López

_____
David T. Lopez
Attorney for Christopher J. Tymczak
S.D. Texas No. 8467
State Bar of Texas No. 12563000
3900 Montrose Boulevard
Houston, TX 77006-4959
Telephone: 713-523-3900
Telecopier: 713-523-3908
E-mail: dtlopez@lopezlawfirm.com

OF COUNSEL:

DAVID T. LOPEZ & ASSOC.

## **REQUEST FOR JURY**

In exercise of his rights under the Seventh Amendment to the Constitution of the United States, the Plaintiff, Christopher J. Tymczak, requests that all issues of fact in this action be determined by a jury.