UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. TYMCZAK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2621 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 5), as well as Plaintiff's Response (Doc. 6) and Defendant's Reply (Doc. 7). Upon review and consideration of these filings, relevant legal authority, and for the reasons explained below, the Court finds that Defendant's Motion to Dismiss should be granted.

**I. Background**

Plaintiff Christopher Tymczak ("Plaintiff" or "Tymczak"), a Caucasian male, has been employed as a tenured faculty member at Texas Southern University ("Defendant") since 2006. Doc. 1 at 3. Plaintiff alleges that Defendant discriminated against him because of his race in violation of Civil Rights Act, 42 U.S.C. § 2000e, through the discriminatory actions of his supervisor. *Id.* at 1, 4.

At relevant times Plaintiff was under the administrative supervision of Carlos R. Handy ("Handy"), an African-American male. *Id.* at 4. Plaintiff alleges that Handy subjected Plaintiff to disparate treatment because of his race. *Id.* Plaintiff states that Handy made derogatory comments and criticisms of his teaching and research, opposed his "professional advancement" by disparaging his qualifications for promotion and tenure, interfered with his research efforts, subjected him to harassment and accusations, and denied him employment opportunities. *Id.* at

4–5. Plaintiff also asserts that Handy "interfere[d] with his faculty compensation, including improper reduction in pay, and block[ed] . . . payment from research grants." *Id.* at 5. According to Plaintiff, complaints against Handy's actions toward Tymczak and other non-African-American faculty members were presented to University officials. *Id.* at 6. Plaintiff contends that, while Defendant agreed to mediation regarding these complaints, it did not "provide any opportunity for interactive discussions of a mutually acceptable resolution," nor did Defendant implement the proposal for resolution following mediation. *Id.* at 7. On June 15, 2015, Plaintiff filed charges of racial discrimination with the Equal Employment Opportunity Commission ("E.E.O.C."). *Id.* On June 1, 2016, Plaintiff received notice of his right to sue. *Id.* at 9. Plaintiff then timely filed suit on August 29, 2016. *Id.*

In its Motion to Dismiss, Defendant asserts that, under Fed. R. Civ. P. 12(b)(6), Defendant is not subject to liability because Plaintiff did not plead sufficient facts to support his discrimination claim under Title VII. According to Defendant, Plaintiff's Complaint fails to allege: (1) that any adverse employment action was suffered by Plaintiff; (2) that other similarly-situated employees were treated more favorably; and (3) any facts giving rise to a reasonable inference of discrimination against Plaintiff. Doc. 5 at 3–5. Further, Plaintiff failed to allege sufficient facts to support a retaliation claim under Title VII. *Id.* at 5. In his Response Plaintiff contends that, even evaluated under *McDonnell Douglas*, his Complaint properly pleads discrimination because interference with compensation is an adverse action. Doc. 6 at 2–3. Furthermore, Plaintiff argues that the allegation that similarly situated African-American individuals were not treated in the same manner is "implicit" in the Complaint. *Id.* at 3. Plaintiff also asserts that his "articulation of a practice" by an employee of Defendant to "mistreat individuals who are not African-American establishes a plausible claim of invidious racial

discrimination." *Id*. at 4. Additionally, Plaintiff states that retaliation was not intended as a claim in the Complaint; the word "retaliation" was merely used in the prayer for injunctive relief against future retaliation. *Id*. at 5. However, Plaintiff reserves the right to state such a claim in a subsequent pleading. *Id*. Therefore the Court will only consider Defendant's arguments regarding Plaintiff's claim of discrimination.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). A plaintiff must allege sufficient facts to state a claim that is "plausible" on its face. *Id*. at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Overton v. JMPC Chase Bank*, No. CIV. A. H-09-3690, 2010 WL 1141417, at *1 (S.D. Tex. March 20, 2010) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). It is

the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id*. However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Steward v. Aries Freight Systems, L.P.*, No. CIV.A. H-07-1651, 2007 WL 3001660, at *2 (S.D. Tex. Oct. 12, 2007) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

**III. Discussion**

Under section 703(a) of Title VII, 42 U.S.C. § 2000e–2(a)(1), it is "an unlawful employment action for an employer…to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."

Under the statute, suit may be brought under two distinct theories of discrimination, disparate treatment and disparate impact. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977); *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). "Title VII expressly prohibits both (1) intentional discrimination based on race, color, religion, sex or national origin, known as 'disparate treatment,' as well as (2) an

employer's facially neutral practices that are discriminatory in operation against protected groups (race, color, religion, sex or national origin) and not required by the nature of the job, known as 'disparate impact.'" *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 732 (S.D. Tex. 2014) (citing 42 U.S.C. §§ 2000e–2(a)(1) and 2000e(k)(1)(A)); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2672–73, 174 L. Ed. 2d 490 (2009); *Pacheco*, 448 F.3d at 787. The instant suit is one for disparate treatment, which requires proof of discriminatory motive. *Agoh*, 992 F. Supp. 2d at 732 (citing *Pacheco*, 448 F.3d at 787).

On a Rule 12(b)(6) motion to dismiss, it is not necessary for the Court to follow the Title VII burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). *Johnson v. Alice Independent School Dist.*, No. CIV.A. C-12-170, 2012 WL 4068678, at *3 (S.D. Tex. Sept. 14, 2012). "[T]he *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement." *Puente v. Ridge*, 324 F. App'x. 423, 427 (5th Cir. 2009) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506–07, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). However, the Fifth Circuit has explained that courts "may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'" *Puente*, 324 F. App'x. at 427–28 (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x. 363, 370 (5th Cir. 2008)); *see also Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) ("Although [plaintiff] need not plead a prima facie case, she is not exempt from her obligation to allege facts sufficient to state all the *elements* of her claim.") (emphasis in original, internal quotations and citations omitted). While the plaintiff only needs to plead facts at this stage of litigation, "'[t]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an

inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Kreit v. Corrado*, No. CIV A H-05-0564, 2006 WL 2709239, at *1 (S.D. Tex. Sept. 20, 2006) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

The elements of a *prima facie* case of intentional discrimination under a disparate treatment theory are that Plaintiff "(1) is a member of a protected class . . . ; (2) was qualified for the position; (3) was subjected to an adverse employment action . . . ; and (4) . . . shows that other similarly situated employees [not in the plaintiff's class] were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Defendant challenges Plaintiff's complaint based on the last two elements of a *prima facie* case for discrimination. According to Defendant, none of Handy's acts alleged by Plaintiff amount to an adverse employment action. Doc. 5 at 3. Additionally, Defendant asserts that Plaintiff fails to "allege or identify any similarly-situated TSU employees who were treated more favorably than he." *Id*. at 4.

"Regarding the third prong of a *prima facie* case, an adverse employment action for Title VII discrimination claims based on race, color, religion, sex, or national origin 'include[s] only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'" *Agoh*, 992 F. Supp. 2d at 734 (citing *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). "Title VII was only designed to address *ultimate* employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decision." *Burger v. Central Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999) (emphasis in original) (internal quotations and citations omitted). "To be actionable, an adverse employment decision must be a 'tangible employment action that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a

significant change in benefits.'" *Agoh*, 992 F. Supp. 2d at 735–36 (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)). "[A] decision made by an employer that only limits an employee's opportunities for promotion or lateral transfer does not qualify as an adverse employment action under Title VII." *Jones v. FJC Security Services, Inc.*, 40 F. Supp. 3d 840, 849 (S.D. Tex. 2014) (quoting *Banks v. East Baton Rouge Parish School Board*, 320 F.3d 570, 575 (5th Cir. 1995)). "The same is true of negative performance evaluations, even if they were not deserved." *Thompson v. Exxon Mobil Corp.*, 344 F. Supp. 2d 971, 981 (E.D. Tex. 2004) (citing *Felton v. Polles*, 315 F.3d 470, 487 (5th Cir. 2002) (*abrogated on other grounds in retaliation cases only by Burlington N. and Santa Fe Ry. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006)).

Plaintiff was neither fired nor demoted, and he does not contend that his job title, responsibilities, and benefits were affected. Doc. 1 at 4–5. "Opposition to . . . Tymczak's professional advancement" does not amount to the ultimate employment decision of promotion or demotion as contemplated by Title VII, particularly as Plaintiff has not alleged that Handy was in a position to bring about a promotion or demotion. *Id.* at 4. The only action Plaintiff identifies that could potentially constitute an adverse employment action is Handy's alleged "interference with [Plaintiff's] faculty compensation, including improper reduction in pay." *Id*. at 5. Therefore Plaintiff has made an allegation sufficient to allege the third element of a disparate treatment claim. However, as described below, Plaintiff has failed to allege facts that satisfy the fourth element, and has generally failed to allege that his alleged discriminatory treatment was based on race.

"For the fourth prong, 'similarly situated' employees are employees [not in the protected class] who are treated more favorably in 'nearly identical' circumstances; the Fifth Circuit

defines 'similarly situated' narrowly." *Agoh*, 992 F. Supp. 2d at 735 (citing *Silva v. Chertoff*, 512 F.Supp.2d 792, 803 n.33 (W.D. Tex. 2007)); *see also Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005) (Similarly situated individuals must be "nearly identical" and must fall outside the plaintiff's protected class.). In cases alleging that an employer disparately disciplined a similarly situated employee based on his membership in a protected group, the employees being compared must have reported to the same supervisor and been subjected to the same standards governing conduct and discipline without any differentiating or mitigating circumstances. *See Lucas v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *Wheeler*, 415 F.3d 399 at 406; *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995).

Plaintiff has failed to allege that any similarly situated employee outside his protected class was treated more favorably. In his Complaint, Plaintiff only identifies non-African-American individuals who have allegedly suffered similar discriminatory treatment due to actions taken by Handy. Doc. 1 at 5–6. Plaintiff's burden was to identify non-Caucasian TSU employees under nearly identical circumstances who were treated more favorably. Plaintiff failed to do so. *Id.* Plaintiff contends that "[n]ecessarily implicit" in his factual statement is that African-American individuals who were similarly situated were not treated in the same manner as Plaintiff or the identified individuals. Doc. 6 at 3. An implication is not enough to constitute either a direct allegation or an allegation from which an inference fairly may be drawn that relevant evidence will be introduced at trial. Accordingly, Plaintiff failed to plead sufficient facts that, if accepted as true, would allege an essential element of a *prima facie* case of discrimination.

Mindful of the fact that the *McDonnell Douglas* framework is not a "rigid pleading requirement," the Court also notes that Plaintiff has generally failed to plead facts giving rise to the inference that the alleged discriminatory treatment of him was based on race, the "ultimate question" in a disparate treatment claim. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("[T]he 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'") (citing *Kanida v. Gulf Coast Med. Personnel LP,* 363 F.3d 568, 576 (5th Cir. 2004)). While Plaintiff does not need to present evidence of discrimination at this stage of litigation, he does need to allege facts that link the alleged discrimination with his race. *Id*. Plaintiff makes conclusory assertions that he was discriminated against based on his race, and presents the fact that Plaintiff is Caucasian and Handy is African-American, but Plaintiff's subjective belief that he was discriminated against is not sufficient to state a claim under Title VII. Because Plaintiff does not allege any facts that link the alleged discrimination with his race, he has not pled a claim of race discrimination that raises his right to relief "above the speculative level." *Id*. (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). As such, Plaintiff's complaint does not state a claim to relief under a theory that is plausible on its face.

## IV. Conclusion

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED.** The Court further

**ORDERS** that Plaintiff's discrimination claim under Title VII is **DISMISSED** without prejudice. Plaintiff has 30 days from the date this order is served to amend his complaint.

SIGNED at Houston, Texas, this 18th day of April, 2017.

                                                                      MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE